**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119205

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

| | |
|---|---|
| Martell Williams, <br><br> Plaintiff, <br><br> vs. <br><br> Jefferson Capital Systems, LLC, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Martell Williams (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Jefferson Capital Systems, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of Illinois.

## PARTIES

5. Plaintiff Martell Williams is an individual who is a citizen of the State of Illinois residing in Cook County, Illinois.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Jefferson Capital Systems, LLC, is an Ohio Limited Liability Company with a principal place of business in Cuyahoga County, Ohio.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 11, 2020. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was received and read by Plaintiff.

24. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

25. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

29. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

30. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

31. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

32. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

33. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

34. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

35. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

36. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

37. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

38. The Letter alleges that Plaintiff owed $1,634.61.

39. Plaintiff did not owe $1,634.61.

40. Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

41. Defendant's allegation that Plaintiff owed $1,634.61, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

42. Defendant's allegation that Plaintiff owed $1,634.61, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

43. Defendant's allegation that Plaintiff owed $1,634.61, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

44. Defendant's allegation that Plaintiff owed $1,634.61, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

45. Defendant's allegation that Plaintiff owed $1,634.61, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

46. Defendant's allegation that Plaintiff owed $1,634.61, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

47. Defendant's allegation that Plaintiff owed $1,634.61 , when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

48. Defendant's allegation that Plaintiff owed $1,634.61, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

49. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

53. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

54. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

55. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

56. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

5

57. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

58. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

59. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

61. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the deb tin violation of 15 U.S.C. § 1692e(10).

62. The Letter claims that Plaintiff owes a debt to Jefferson Capital Systems, LLC.

63. Plaintiff did not owe a debt to Jefferson Capital Systems, LLC.

64. Jefferson Capital Systems, LLC never offered to extend credit to Plaintiff.

65. Jefferson Capital Systems, LLC never extended credit to Plaintiff.

66. Plaintiff was never involved in any transaction with Jefferson Capital Systems, LLC.

67. Plaintiff never entered into any contract with Jefferson Capital Systems, LLC.

68. Plaintiff never did any business with Jefferson Capital Systems, LLC.

69. Plaintiff was never indebted to Jefferson Capital Systems, LLC.

70. Jefferson Capital Systems, LLC is a stranger to Plaintiff.

71. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

72. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of

6

15 U.S.C. § 1692e.

73. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

74. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

75. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

76. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

77. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

78. Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

79. Defendant's demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

80. Defendant's request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

81. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

7

84. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

85. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

86. The Letter states that the alleged Debt is time-barred.

87. The Letter also contains a settlement offer, "Jefferson Capital Systems, LLC will accept a reduced amount of $653.84 to resolve your debt. Your balance is $1,634.61 and we will accept $653.84. The offer expires on 02/14/2020. We are not obligated to renew this offer, however if you would like additional time to respond to this offer, please contact us."

88. The least sophisticated consumer upon reading such statement would most likely be lead to believe that the alleged Debt was enforceable by Defendant and if they did not make a payment by the deadline.

89. The least sophisticated consumer upon reading such statement would be confused as to whether or not they can face legal action if they do not make a payment on the alleged Debt by the stated deadline.

90. The least sophisticated consumer would likely be deceived by the Letter.

91. The least sophisticated consumer would likely be deceived in a material way by the Letter.

92. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

93. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Finding Defendant's actions violate the FDCPA; and

    b. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d.   Granting Plaintiff's costs; all together with

    e.   Such other relief that the Court determines is just and proper.

DATED: June 16, 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119205